## WILLIAM H. DARROW, RESPONDENT, v. HARVEY NORTHROP, APPELLANT.

*Agency — Letter of witness — inconsistent with his testimony — admissible in evidence — Silence — evidence of truth of facts stated.*

Plaintiff sued defendant, claiming to have sold him a quantity of hops. The defendant alleged that he bought the hops as agent of H. & C., of N. Y. ; that plaintiff knew he was such agent ; that the hops were shipped to H. & C. with plaintiff's knowledge and assent, and were sold by them, and that, subsequently, they failed without having paid for them. The referee found that the sale was made to the defendant as principal and not as agent of H. & C. *Held,* that the evidence in the case was sufficient to authorize the referee so to find.

A letter was written by the defendant to a third person, containing declarations touching the relations existing between himself, and the plaintiff as to the hops in

suit, which were inconsistent with his testimony given upon the trial. *Held*, that the letter was properly received in evidence on the trial.

After the sale of the hops by H. & C., the defendant inclosed an account of the sale to plaintiff, and disclaimed any personal responsibilities for the proceeds, telling plaintiff he must look to H. & C. for his pay, as he, defendant, acted only as their agent; to this letter plaintiff paid no attention. On the trial, it was claimed that the plaintiff thereby ratified and acquiesced in the claim of the defendant, who was thereby released from any liability to plaintiff. *Held*, that the mere statement of the proposition would seem to be its sufficient refutation. It is not possible that one can release himself from the obligation of a valid contract, by telling the other party that he must look to some third person for its fulfillment, or that the contract was one of agency and not made by him as principal. The silence of plaintiff might be construed as some evidence of the truth of the facts stated, but by no possibility could it convert a principal into an agent, upon the theory of ratification, acquiescence or estoppel.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

*H. Barclay,* for the appellant.

*N. Foote,* for the respondent.

Opinion by BOARDMAN, J.

Present — MILLER, P. J., BOOKES and BOARDMAN, JJ.

Judgment affirmed, with costs.